UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MORREALE REAL ESTATE SERVICES, INC., an Illinois Corporation, <br><br> Plaintiff and Counterclaim Defendant <br><br> v. <br><br> GRANITE SOFTWARE, INC., a California Corporation, <br><br> Defendant and Counterclaim Plaintiff, <br><br> and <br><br> ELMER VASQUEZ, an individual, <br><br> Defendant. | Case No.: <br><br> [Case Pending in United States District Court for the Central District of California Case No. SA CV 04-1015 AHS (VBKx)] |

## ORDER

Upon consideration of the motion of Morreale Real Estate Services, Inc. ("MRES") for an Order compelling Cendant Corporation ("Cendant") and Cendant Settlement Services Group ("CSSG") to produce documents each entity was directed to produce by subpoenas MRES issued on February 1, 2005 (as subsequently limited by mutual agreement of the parties) (the "Motion"); and having considered the various pleading filed in support of and in opposition to the Motion; and having heard and considered the arguments of counsel in support of and in opposition to the Motion, if any; and after due deliberation thereon and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED;

    2.    Cendant is hereby compelled to comply with MRES's subpoena within ten

(10) days of the date hereof, and to produce those documents as modified by the parties' agreements confirmed in MRES's March 28 letter and provide an index to those materials previously produced that identifies which files are responsive to each request in the March 28 letter;

       3.      CSSG is hereby compelled to comply with MRES's subpoena within ten (10) days of the date hereof, and to produce those documents as modified by the parties' agreements confirmed in MRES's March 28 letter and provide an index to those materials previously produced that identifies which files are responsive to each request in the March 28 letter; and

       4.      Cendant and CSSG shall pay attorneys' fees and costs related to this motion in the amount of $_____ within ten (10) days of the date hereof.

Date: _____

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MORREALE REAL ESTATE SERVICES, INC., an Illinois Corporation,<br><br>    Plaintiff and Counterclaim Defendant<br><br>v.<br><br>GRANITE SOFTWARE, INC., a California Corporation,<br><br>    Defendant and Counterclaim Plaintiff,<br><br>and<br><br>ELMER VASQUEZ, an individual,<br><br>    Defendant. | Case No.:<br><br>[Case Pending in United States District Court for the Central District of California Case No. SA CV 04-1015 AHS (VBKx)] |

## MOTION TO COMPEL CENDANT CORPORATION AND CENDANT SETTLEMENT SERVICES GROUP TO COMPLY WITH SUBPOENAS DUCES TECUM

Morreale Real Estate Services, Inc. ("MRES"), by and through its undersigned counsel, hereby moves this Court for an Order compelling Cendant Corporation ("Cendant") and Cendant Settlement Services Group ("CSSG") to produce documents each entity was directed to produce by subpoenas that MRES issued on February 1, 2005 (as subsequently limited by mutual agreement of the parties).

### FACTUAL BACKGROUND

1.    On February 1, 2005, MRES issued subpoenas to third-parties Cendant and CSSG. MRES attaches true and correct copies of these subpoenas as Exhibits 1 and 2, respectively. Each of these subpoenas contained an Attachment "A" that specifically identified the documents MRES requested, all of which documents are relevant to, or reasonably calculated to lead to the discovery of

admissible evidence, on the claims and defenses in the action captioned <u>Morreale Real Estate Services, Inc. v. Granite Software, Inc. and Elmer Vasquez</u>, Case No. SA CV 04-1015-AHS (VBKx), pending in the United States District Court for the Central District of California.

2.	MRES served these subpoenas on February 2, 2005. <u>Id.</u> Neither Cendant nor CSSG challenged the service of these subpoenas.

3.	Cendant and CSSG did, over the course of multiple telephone conversations, state several concerns about the breadth of MRES's requests and the expense they might incur in responding to these requests.

4.	In an effort to minimize the burden on Cendant and CSSG consistent with its obligations under Fed. R. Civ. P. 45(c)(1) and to avoid bringing before this Court collateral motions to enforce compliance with the subpoenas, MRES (working with Cendant and CSSG, and ultimately with the agreement of each of those entities) limited the scope of the documents it requested in each Attachment "A." MRES confirmed the parties' agreements in a letter dated March 28, 2005. MRES attaches a true and correct copy of this letter as Exhibit 3 to this motion.

5.	On April 20, 2005, Cendant and CSSG produced a small portion of the documents MRES requested in the March 28 limited requests. MRES attaches a true and correct copy of the cover letter to this production as Exhibit 4. In that letter, Cendant and CSSG claim that they may provide additional documents in "the near future" and that MRES was to contact Walter F. Dembiec, Jr. if it had any further questions.

6.	Cendant's and CSSG's April 20 production consisted of two CD-ROMs and three single-page documents. MRES attaches photocopies of the physical items produced as Exhibit 5. (MRES did, however, add the Bates labels that appear on these items.) While the CD-ROMs contain

2

over 9,000 separate computer files, only a few of those files contain documents that are accessible with standard office software (word processing, spreadsheet, email and web browser software programs). Accordingly, if Cendant and CSSG believe they have complied with the subpoenas, as MRES limited them, those entities also need to provide some form of index that identifies the files, and states how the files on the CD-ROMs may be accessed. Cendant and CSSG also need to identify which of those files are responsive to each request in the March 28 letter. Fed. R. Civ. P. 34(b), as Fed. R. Civ. P. 34(c) and 45 make it applicable to the subpoenas.

7. In response to this wholly insufficient production, MRES sent a letter to Mr. Dembiec on May 9. MRES attaches a true and correct copy of this letter as Exhibit 6. In that letter, MRES identified 11 specific categories of documents that Cendant and CSSG did not produce. At that time, MRES also requested that Cendant and CSSG provide an index to the files on the CD-ROMs and that those entities identify those requests to which they did not produce responsive documents. Additionally, MRES requested that Cendant and/or CSSG produce the additional materials to which their April 20 letter referred.

8. Mr. Dembiec never responded to this letter. On June 13, MRES sent a follow-up letter to Mr. Dembiec, attaching a second copy of the May 9 letter. MRES attaches a true and correct copy of this letter as Exhibit 7. Mr. Dembiec did not respond to this letter, either.

9. Finally, on June 21, MRES sent Mr. Dembiec an e-mail requesting a response to MRES's previous letters – Mr. Dembiec, again, never responded. MRES attaches a true and correct printout of this email as Exhibit 8.

10. Additionally, MRES requested the assistance of opposing counsel to identify the contents of two CD-ROMs. MRES attaches a true and correct copy of this letter as Exhibit 9.

11. In response, opposing counsel claimed that the CD-ROMs contained proprietary information and stated only that, "[i]t is our view that the information contained on these CD-ROMs exceeds the scope of [MRES's] subpoena." Opposing counsel did not provide any substantive information about the content of the Cendant and CSSG production. MRES attaches a true and correct copy of this letter as Exhibit 10.

## ARGUMENT

12. Cendant's and CSSG's failure to respond meaningfully to MRES's subpoenas violates Rule 45(d)(1), particularly in light of those entities' previous agreement to respond to MRES's limited requests.

13. The failure to respond to a subpoena or timely file a motion to quash can result in the waiver of any objection the entity may possess. See Dexter v. Cosan Chem. Corp., 2000 U.S. Dist. LEXIS 22134 (D.N.J. Oct. 24, 2000); Packer v. Hansen, 1999 U.S. Dist. Lexis 17618 (E.D. Pa. Nov. 12, 1999). Neither Cendant nor CSSG filed a motion to quash. While Cendant and CSSG voiced some concerns/objections, MRES resolved them. Accordingly, and for the reasons set forth above, Cendant and CSSG have waived any challenge and must comply with limited requests set forth in the subpoenas as modified by the parties' agreements confirmed in MRES's March 28 letter.

14. Alternatively, and to the extent Cendant and CSSG have complied by producing inaccessible and otherwise unidentified computer files, Cendant and CSSG need to identify which files correspond to each of the specific requests in the March 28 letter.

WHEREFORE, MRES respectfully requests that the Court enter an Order: (i) compelling Cendant to comply with MRES's subpoena; (ii) compelling CSSG to comply with MRES's subpoena; (iii) requiring Cendant and CSSG to pay attorneys' fees related to this motion; and (iv) granting such further relief as the Court deems just and proper under the circumstances.

Dated: July 28, 2005  
Wilmington, Delaware

WEIR & PARTNERS LLP

By: /s/ Kenneth Aaron  
Kenneth E. Aaron, Esquire (#4043)  
P.O. Box 708  
824 Market Street Mall  
Suite 1001  
Wilmington, DE 19899  
(302) 652-8181

AND

PETRIE SCHWARTZ LLP  
Andrew J. Petrie, Esquire  
1775 Sherman Street  
Suite 2500  
Denver, CO 80203  
(303) 226-7700

*Attorneys for Morreale Real Estate Services, Inc.*