LAW OFFICES

# WEIR & PARTNERS LLP

824 MARKET STREET MALL, SUITE 1001

PO BOX 708

WILMINGTON, DE 19899

PHILADELPHIA OFFICE

SUITE 500
THE WIDENER BUILDING
1339 CHESTNUT STREET
PHILADELPHIA, PA 19107

(215) 665-8181
FAX (215) 665-8464

(302) 652-8181
FAX (302) 652-8909

NEW JERSEY OFFICE

215 FRIES MILL ROAD
TURNERSVILLE, NJ 08012

(609) 740-1490
FAX (609) 740-1491

August 23, 2005

**VIA FEDERAL EXPRESS**

The Honorable Kent A. Jordan
United States District Court
For the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street – Room 6325
Lockbox 10
Wilmington, DE  19801

>   Re:   **Morreale Real Estate Services, Inc. v. Granite Software, Inc., et al.**
>         **United States District Court for the District of Delaware**
>         **Case No.:  05 MC 152(KAJ)**

Dear Judge Jordan:

Weir & Partners LLP represents the Plaintiff, Morreale Real Estate Services, Inc. ("MRES"), in connection with the above-referenced matter.  Specifically, MRES has moved to compel two third-parties, Cendant Corporation and Cendant Settlement Services Group ("CSSG"), to comply with subpoenas *duces tecum* issued on February 1, 2005 ("Motion to Compel").  The Motion to Compel is related to the main case, pending in the United States District Court for the Central District of California, Case No. SA CV 04-1015 AHS(VBKx) (the "California Action").

MRES filed the Motion to Compel on July 29, 2005 and effected proper service on both parties on August 2, 2005.  To date, neither Cendant nor CSSG have filed a response or opposition to the Motion to Compel.  Instead, in a letter dated August 22, 2005 to the Court, counsel for Cendant and CSSG, Jason Julian of the San Francisco office of Foley & Lardner, requested an extension of time to respond until September 6,

WEIR & PARTNERS LLP

Honorable Kent A. Jordan
August 23, 2005
Page 2 of 3

2005.[1]  The Court should deny this request and should enter the proposed form of Order submitted by MRES with its Motion to Compel.

Cendant and CSSG are egregiously late in responding to the Motion to Compel, which they have had for 20 days, and have offered no excuse for failing to file a response or to timely request an extension.  Cendant and CSSG have neither filed the required motion, nor have they shown that their failure to act was the result of "excusable neglect."  Accordingly, both Cendant and CSSG have neither followed the proper procedure nor met their burden under Fed. R. Civ. P.  6(b)(2).

Further demonstrating the inexcusable untimeliness of Cendant and CSSG's response, on July 29, 2005, and before it filed the Motion to Compel, MRES's counsel in the California Action spoke via telephone with Mr. Julian in order to determine:  (1) if Mr. Julian or his firm was still involved with this matter (as they had previously spoken to counsel about responding to the subpoenas); and (2) if Mr. Julian could waive and accept service of the Motion to Compel on behalf of Cendant and CSSG.  At that time Mr. Julian stated that he was unsure if Foley & Lardner still represented Cendant and/or CSSG, but that he would find out.

Taking Mr. Julian at his word that he then contacted Cendant and CSSG, Cendant and CSSG should have also known about MRES's Motion on or about that date from Mr. Julian (the same outside counsel that those entities have now, late in the process, decided to retain).  Any delay in Cendant and CSSG's responses to the Motion are of their own creation, and this Court should not provide them the benefit of their own delay.

The California Action is under case management.  MRES served the subpoenas on February 1 to comply with that court's February 28, 2005 discovery cutoff date.  On November 7, 2005, that court has scheduled a hearing on MRES's Motion to Bifurcate, and Defendant Vasquez's Motion for Attorneys' Fees.  Thereafter, on November 28, 2005, pre-trial briefs and the parties' exhibit lists are due.  Therefore, there is a present need for the production of the documents set forth in subpoenas *duces tecum* that MRES first requested on February 1 and for a ruling on the Motion to Compel.

---

[1] According to Martindale-Hubbell's website, martindale.com, Mr. Julian is only admitted to practice in California. It is believed that Mr. Julian has not engaged Delaware counsel to represent his clients.

WEIR & PARTNERS LLP

Honorable Kent A. Jordan
August 23, 2005
Page 3 of 3

  If Your Honor has any questions, please do not hesitate to contact the associate assisting me with this matter, Jennifer Hiller-Nimeroff, Esquire at (215) 241-7757.

        Respectfully submitted,

        Kenneth E. Aaron, Esquire

KEA/jhn
#242606
cc: Jason M. Julian, Esquire (Via Federal Express)
  Jack Smart, Esquire (Via Federal Express)
  Andrew J. Petrie, Esquire (Via E-Mail)
  James L. Wooll, Esquire (Via E-Mail)