LAW OFFICES
# WEIR & PARTNERS LLP
824 MARKET STREET MALL, SUITE 1001
PO BOX 708
WILMINGTON, DE 19899

(302) 652-8181
FAX (302) 652-8909

KENNETH E. AARON

MEMBER OF THE DELAWARE,
PENNSYLVANIA AND FLORIDA BARS

DIRECT DIAL
DELAWARE: (302) 652-8181
PENNSYLVANIA: (215) 241-7727
E-MAIL kaaron@weirpartners.com

PENNSYLVANIA OFFICE

SUITE 500
THE WIDENER BUILDING
1339 CHESTNUT STREET
PHILADELPHIA, PA 19107

(215) 665-8181
FAX (215) 665-8464

NEW JERSEY OFFICE

215 FRIES MILL ROAD
TURNERSVILLE, NJ 08012

(856) 740-1490
FAX (856) 740-1491

September 9, 2005

**VIA FEDERAL EXPRESS**

The Honorable Kent A. Jordan
United States District Court
For the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street – Room 6325
Lockbox 10
Wilmington, DE  19801

      Re:    Morreale Real Estate Services, Inc. v. Granite Software, Inc., et al.
            United States District Court for the District of Delaware
            Case No.:  05 MC 152(KAJ)

Dear Judge Jordan:

      Weir & Partners LLP represents the Plaintiff, Morreale Real Estate Services, Inc. ("MRES"), in connection with the above-referenced matter.  We are in receipt of correspondence from counsel for third parties Cendant Corporation and Cendant Settlement Services Group ("CSSG") (collectively, the "Cendant Entities") addressed to Your Honor, dated September 6, 2005, which addresses MRES's motion to compel the Cendant Entities to comply with subpoenas *duces tecum* issued on February 1, 2005 ("Motion to Compel").[1]

      In the September 6, 2005 correspondence, counsel for the Cendant Entities advised Your Honor that the Cendant Entities were preparing a supplemental response to the subpoenas served by MRES "addressing all of the issues raised by the Motion."

---

[1] The Motion to Compel is related to the main case, pending in the United States District Court for the Central District of California, Case No. SA CV 04-1015 AHS (VBKx).

WEIR & PARTNERS LLP

Honorable Kent A. Jordan
September 9, 2005
Page 2 of 2

Counsel advised that the Cendant Entities would be producing additional materials responsive to the subpoenas via overnight mail on Tuesday, September 6, 2005. Counsel for the Cendant Entities incorrectly anticipated that MRES would withdraw its Motion to Compel after receiving the supplemental production.

MRES received the supplemental production on September 7, 2005, which was wholly insufficient and failed to address the issues raised by the Motion to Compel. While MRES is in the process of communicating with the Cendant Entities, in an attempt to resolve this matter amicably, MRES respectfully requests that its Motion to Compel remain on Your Honor's calendar.

Further, Cendant and CSSG are egregiously late in both responding to the subpoenas, which were issued on February 1, 2005, and the Motion to Compel. Even assuming that the Cendant Entities eventually (and adequately) respond to the subpoenas, MRES has incurred expenses in its ongoing and repeated efforts to compel the Cendant Entities to comply with the subpoenas. MRES requested an award of attorney's fees and costs as part of the relief sought in the Motion to Compel and respectfully submits that the Motion to Compel should remain of record so that MRES can, at the very least, recover its expenses.

If Your Honor has any questions, please do not hesitate to contact the associate assisting me with this matter, Jennifer Hiller-Nimeroff, Esquire at (215) 241-7757.

Respectfully submitted,

Kenneth E. Aaron, Esquire

KEA/jhn
#243782
cc:   Jennifer C. Jauffret, Esquire (Via Federal Express)
      Jason M. Julian, Esquire (Via Federal Express)
      Jack Smart, Esquire (Via Federal Express)
      Andrew J. Petrie, Esquire (Via E-Mail)
      James L. Wooll, Esquire (Via E-Mail)