LAW OFFICES
# WEIR & PARTNERS LLP
824 MARKET STREET MALL, SUITE 1001
PO BOX 708
WILMINGTON, DE 19899

(302) 652-8181
FAX (302) 652-8909

KENNETH E. AARON

MEMBER OF THE DELAWARE,
PENNSYLVANIA AND FLORIDA BARS

DIRECT DIAL
DELAWARE: (302) 652-8181
PENNSYLVANIA: (215) 241-7727
E-MAIL  kaaron@weirpartners.com

PENNSYLVANIA OFFICE

SUITE 500
THE WIDENER BUILDING
1339 CHESTNUT STREET
PHILADELPHIA, PA 19107

(215) 665-8181
FAX (215) 665-8464

NEW JERSEY OFFICE

215 FRIES MILL ROAD
TURNERSVILLE, NJ 08012

(856) 740-1490
FAX (856) 740-1491

November 15, 2005



**VIA HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court
For the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street – Room 6325
Lockbox 10
Wilmington, DE 19801

Re:  Morreale Real Estate Services, Inc. v. Granite Software, Inc., et al.
United States District Court for the District of Delaware
Case No.: 05 MC 152(KAJ)

Dear Judge Jordan:

Pursuant to the October 28, 2005 telephonic status conference that Your Honor conducted in connection with the above referenced matter, Morreale Real Estate Services, Inc. ("MRES") submits this status report to inform the Court of the subsequent happenings.

MRES is currently waiting for a ruling on a motion pending in the United States District Court for the Central District of California (the "California District Court") to take the deposition of an employee of the Cendant entities that were the recipients of MRES's subpoenas that are the subject of the motion to compel that is presently before this Court. The California District Court was scheduled to hear MRES's motion on November 7, but removed the hearing from its calendar on November 2 and informed the parties that the Court would decide the matter based upon the pleadings. To date, however, the California District Court has not ruled on that motion.

WEIR & PARTNERS LLP

Honorable Kent A. Jordan
November 15, 2005
Page 2 of 2

     At the time of the October 28 status conference, MRES fully anticipated that the California District Court would hear and decide MRES's motion on November 7th. Since that Court has not yet ruled, MRES does not know whether it will be allowed to take the requested deposition. If MRES is allowed to take this deposition, it will do so. Meanwhile, MRES will continue its efforts to work out an arrangement with Cendant regarding the fees and costs that MRES incurred obtaining Cendant's compliance with the subpoenas – including the filing of MRES's motion to compel. If MRES and Cendant cannot come to some arrangement on these fees and costs, MRES may need to seek recovery of those funds before this Court.

     Accordingly, since MRES may need to seek relief from this Court that directly relates to MRES's motion to compel Cendant's production, MRES cannot move to dismiss its motion to compel at this time. While MRES anticipates receiving the California District Court's order any day, it will, in any event, notify the Court no later than November 21 as to the status of the motion before the California District Court and the effect of that on the motion before this Court.

Respectfully submitted,

*Kenneth E. Aaron*
Kenneth E. Aaron (#4043)

KEA/jhn
#248048
cc:   Jennifer C. Jauffret, Esquire (Via Telefax, and First Class Mail)
      Jason M. Julian, Esquire (Via Telefax, and First Class Mail)
      Jack Smart, Esquire (Via Telefax, and First Class Mail)
      Andrew J. Petrie, Esquire (Via E-Mail)
      James L. Wooll, Esquire (Via E-Mail)
      Clerk of Court (via hand delivery)